Whyte, J.
delivered the opinion of the court.
M’Kenzie and Bennock recovered a judgment in the circuit court of Hawkins county, at the April term thereof in the year 1831, for the sum of $1238 65, against Jacob Hackney, on which a capias ad satisfaciendum was issued on the first of June afterwards, returnable to the October term of .said court 1831. The ca. sa. was executed on the 7th September 1831, and bond and security taken for the appearance of the defendant in the execution, agreeably to the act of assembly. At the October term of the court, the defendant Hackney appear ed pursuant to the requirement of his bond, and in open court filed a schedule of his property, and debts owing to him, and took the oath required by law for the benefit of insolvent debtors. On being examined by the plaintiff’s counsel, he made a statement in answer thereto, and said, that after the ca. sa. had been executed upon him, he made an assignment or bill of sale to his son William, entered into the 15th September 1831, and set forth verbatim in the proceedings. The purport of which is, that he made over to his son William a number of.wax-figures, seventeen in number, specifying them particularly; also three horses and two carriages, with all the appurtenances thereto belonging, in consideration of the sum of ‡1000, to be paid in the *418 following manner: $400 to be paid to Johnson Gardner within three months; $100 to Westly Addock, to pay to the branch of the Nashville bank at Rogersville whatever might be due by said Jacob on a final close of that bank; and the residue to be paid in two years thereafter; all of which payments the said William Hackney binds himself and his heirs well and truly to make or cause to be made, and the said Jacob warrants and defends the above property to the said William; and the instrument is executed under the hands and seals of the parties, and attested by witnesses. Jacob Hackney further stated, that the contract between him and his son had been made six weeks before it was reduced into writing, and that his son did not pay any thing except the debts he assumed to pay, which were mentioned in said obligation. He then goes on and shows the grounds on which he became indebted to various persons. To Gardner for the wax-figures, and their appendages of carriages, horses, &c. $1000, of which $400 is still due, and so of others. The schedule given in by the defendant Hackney is a lengthy one, containing a variety of articles of specific property, notes, &c. not necessary to be here further noticed. The particulars respecting the contract between the defendant and his son, have been detailed ‘here to the extent they have, because in that contract and its attendant circumstances, are founded the principal objection to the result of the exercise of the duty of the circuit court in this case, under the act of 1811, ch. 24, and the act of 1824, ch. 17, that is, in admitting the defendant Hackney to take the oath of insolvent debtor, in the being satisfied of the truth of that oath so taken, and in setting him, a prisoner, at liberty. It is difficult to be perceived how that transaction between the father and the son can affect the case; for, as was argued by'the counsel on the other side, if it were an illegal transaction, it is void; if it was a fraudulent transaction, the law would treat it in the *419 same manner. These are the facts and acts shown upon the record, let the parties interested see to it; the disposition of the property bearing these characters, stand in the way of no honest creditor seeking redress.
I will now advert to what may more properly be considered the merits of this case, to the acts of assembly governing it, the acts of 1824, ch. 17, and 1811, ch. 24, and see whether the exercise of the duty of the circuit court as prescribed by these acts, has been conformable to their provisions and instructions, or otherwise.
The act of 1824, ch. 17, says, whenever the body of any debtor shall be taken in execution, in any final process, issued by any of the courts of record in this state, it shall be the duty of the officer executing such process, to take bond with sufficient security for the appearance of such debtor at the next county court of the county in which he resides, then and there to make payment of the moneys, &c. or to take the oath, of insolvency, or make a surrender of his property as prescribed by the laws of this State. On the return of said process and bond as required by the- first section of this act, it shall be the duty of said court, on the application of such debtor, to administer the oath of insolvency, under the same rules, regulations and restrictions as authorized by the law now in force and use in this state, so far as the same is consistent with the provisions of this act.
The defendant Hackney’s case meets all these provisions, entitling him to his discharge. He was under the first section a debtor; his body was taken in execution by final process issued from a court of record; he gave bond with sufficient security for his appearance at the next circuit court of the county in which he resided; he made a surrender of his property as prescribed by the laws of this state, .meeting the provisions of the second section of the act. On the return of the process and bond, he made application to the court to administer the oath of *420 insolvency to him, and the court discharged that duty.— Who can say it was not a correct discharge of duty? A reference to the act of assembly on the point, shows, that no mortal man can say so; 1811, ch. 24, sec. 4, is in these words: “Be it enacted, that if any such prisoner take such oath, and the court be convinced of the truth thereof, the schedule so subscribed being filed with the clerk of the court, &c. then in that case it may be lawful for the court before whom such oath was taken, &c. forthwith to set at liberty such prisoner, &c”
J. A. M’Kinney and Taylor, for the plaintiffs in error.
Kennedy and Parsons, for the defendant.
It is to be remarked, that these words, “and the court be convinced of the truth thereof,” are important, since the act of assembly leaves the exercise of the duty imposed by it, wholly with the court itself; it authorises no appeal, revision or rehearing; with entire confidence it commits the trust, and contemplates only a faithful performance. The true construction of the act therefore, of necessity, must deny the interference of this court, or that of any other tribunal, to question its propriety, its rectitude, its validity, or to make any other or further examination whatever. This court therefore directs the proceedings in this case to be taken off the files.
Appeal dismissed.